Mrs. Tommie Malone v. The State.

No. 13580.  Delivered June 26, 1930.
Reported in 30 S. W. (2d) 486.

The opinion states the case.

*Oscar H. Calvert* and *Frank Harmon,* both of Dallas, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is forgery; the punishment, confinement in the penitentiary for two years.

Appellant bought some wearing apparel from the Rainbow Apparel Shop, and in the presence of the salesman executed a check for $9.96, purporting to be given by Mrs. G. Mahonie.  In the corner of the check appellant noted that Mrs. Mahonie lived at 3308 Gunter Street in Dallas.  She also noted Mrs. Mahonie's telephone number.  Only appellant and her family lived at 3308 Gunter Street.  Mrs. G. Mahonie appears from the evidence to have been a fictitious person.

A physician who had treated appellant for a number of years testified that she possessed the mentality of "a child about 7 or 8 years of age."  He attributed her condition to female trouble, saying: "Unless she is operated on and the female organs removed she is sure to go to a further and more marked mental deterioration than at the present time.  Having known her and examined her, it is my opinion at this time and in December of 1929 she was not of that sufficiency of mind to know and understand right from wrong." Another of appellant's witnesses, who testified that he was "technically an Assistant Criminal District Attorney of Dallas County" expressed the opinion that she was of unsound mind.  He testified

to a long acquaintance with appellant. Other witnesses were of the opinion that appellant was insane. The state introduced several witnesses who had known and observed appellant. They expressed the opinion that she was sane.

A deputy sheriff was permitted, over proper objection, to testify in effect that he was of the opinion that appellant was sane. He had charge of appellant on one occasion during the trial, at which time he took her "down stairs and back." He gave no description of her demeanor; nor did he recount any word or action of hers, but said: "I never paid any particular attention to her." He said he talked to appellant "a little." We quote the language of Judge Lattimore in Shields v. State, 283 S. W. 844 as follows:

"In this connection, however, we may say that it being manifestly impossible for this court to lay down any hard and fast rules as to the exact amount and extent of the predicate which should precede the testimony of a nonexpert witness offered to prove the sanity of the accused, we will not hold such testimony incompetent in a given case unless there appears to have been so little knowledge, opportunity, etc., shown to form a conclusion in the regard mentioned, as would manifest an abuse of the discretion of the trial judge."

The opportunity the witness had for forming the opinion that appellant was sane was not, in our opinion, sufficient. The issue of insanity was closely contested. Under the facts of this case, we are unable to reach the conclusion that the testimony of the deputy sheriff might not turn the scales against appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.