EDWARD S. WINN V. THE STATE.

No. 19974. Delivered January 25, 1939.
Rehearing Denied April 5, 1939.

The opinion states the case.

*Hughes & Monroe* and *Baskett & Parks,* all of Dallas, for appellant.

*Andrew Patton,* Criminal District Attorney, of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder; the punishment assessed is death.

The record shows that appellant was reared in the State of Indiana. After he finished high school, he came to Dallas in the year of 1934 and entered the aviation school, graduating therefrom in 1935. He then returned to his native state, but in November, 1937, he again came to Dallas and on or about the 19th day of said month killed Willard Lloyd Presley in the

extreme suburbs of the city, threw his body into the weeds and took the victim's automobile, together with all its contents, to Fort Worth where he pawned a suit of clothes belonging to the deceased. When arrested, he was found in possession of the deceased's car and many of his personal effects. He told the officers where he had pawned the suit and they recovered it there.

Appellant interposed a plea of insanity which he supported by the testimony of a number of witnesses from his native state. The State controverted his plea. Thus it will be seen that the only issue raised was whether the appellant was insane at the time of the commission of the offense. This issue, the jury decided adversely to him.

By bill of exception number one, appellant complains because K. R. Bailey, the Desk Sergeant of the Police Department of the City of Fort Worth, was permitted to testify that appellant was brought into the office for the purpose of being checked in; that when he checked him in he asked him his name, age, address, and the state in which he was born. That this consumed about five minutes time. That appellant's eyes were not glassy or starey at the time. That judging from what he saw of him, anppellant appeared to be a person who was sane and knew what he was doing.

At the time this testimony was being given, appellant objected to the opinion expressed by the witness and reserved his exception to the ruling of the court in admitting it. It occurs to us that the witness did not know enough of the traits of character, life and disposition of the appellant in the short time in which he saw him to form and express an intelligent conclusion upon the subject. The opportunity which the witness had for forming an opinion concerning appellant's sanity was not, in our opinion, sufficient. The witness did not know the accused, nor had he seen him until he was brought into the office. We do not think this allowed him a sufficient opportunity to qualify as a non-expert witness and express an intelligent conclusion regarding appellant's sanity.

While it is true that ordinarily a non-expert witness may state that he has never observed anything in the actions or conduct of the accused which would lead him to believe or conclude that such party was sane or insane, yet it must be shown that the witness had a reasonable opportunity to observe the acts and conduct of the party inquired about. To hold that a non-expert witness, who had had no more opportunity for observation and conversation with the party in-

quired about than was had in the instant case, might express an opinion as to the sanity of such person would absolutely remove all legal restrictions for the establishment of a proper predicate and permit every person who might have greeted the accused to become a non-expert witness and express an opinion as to his sanity. While this court has not, and cannot, lay down any iron-clad rule as to how much time for observation and conversation a person must have had with one claimed to be insane in order to express an opinion as to sanity or insanity, yet the rule must be confined to reasonable bounds. Malone v. State, 30 S. W. (2d), 486; Burton v. State, 101 S. W., 226.

By bill of exception number three, appellant complains of the action of the trial court in declining to permit him, upon cross examination of the state's witness, Dr. Bush, to propound to him a question based on a hypothetical state of facts. The court apparently based its' ruling on the ground that Dr. Bush disclaimed the distinction of being an expert or alienist. It appears from the bill that the State elicited from Dr. Bush the fact that he was a graduate of an accredited medical college; that he had served for two years as an interne at a hospital, and for the past several months had been an assistant county health officer. That he had a fair idea of what dementia praecox was; that he had studied it in college and knew the general symptoms of it and its progress. The object of this testimony seems to have been to show that the witness had, to some extent, acquired scientific knowledge of the general underlying causes of the disease, the symptoms by which it might be determined, its progress and ultimate effect. Consequently the state went further than to show that he was merely a general practitioner or a non-expert. He had studied the very disease with which it was claimed appellant was inflicted at the time of the commission of the offense. This, to our minds, brought him within the category of an expert or skilled witness, rather than a non-expert. It is true that Dr. Bush disclaimed being an expert or alienist and he may not have possessed the same degree of experience in mental diseases as one who devoted his entire time and talent to its' study and treatment. But as was stated by Judge Davidson in the case of Holland v. State, 80 Texas Crim. Rep. 637, 192 S W. 1070: "This witness may not have thought it proper to say that he was an expert, and possibly did not believe he was; but that is not the controlling question. If he places himself in such attitude to the testimony and a knowledge of the matters of inquiry, and familiarity with them, he would be sufficiently an expert on insanity to

testify as to his opinion, either as to the facts he knew, or observations, or upon a hypothetical question. The court was in error in supposing he must be an alienist or specialist. That is not required in order to get the testimony of a medical witness under the circumstances here detailed. The court was in error, and sufficiently so to require a reversal."

And in Rice v. State, 49 Tex. Crim. Rep., 569 (579), Judge Henderson quotes with approval 5 Ency. of Evidence, p. 534, and states that the rule appears to be as follows:" 'A witness may·be competent to testify as an expert, although he has had no practical experience on the subject of inquiry, but has derived his knowledge and information solely from study and reading of books dealing with the subject under investigation.' "

In the same authority (5 Ency. of Evidence, p. 534) it is stated that "Where the witness has been educated in a particular profession, as a physician, surgeon or veterinary, he is presumed to understand throughly the question pertaining to his profession, and to be qualified as an expert."

Under the circumstances shown by this record, appellant had a right to propound the question and seek to elicit an answer which might be favorable to him. Testimony of the witness might not have been entitled to the same weight as one who had made a special study of the subject of insanity, but such was a matter within the exclusive province of the jury. See Eckert v. State, 251 S. W., 804 (Tex.) ; Schuman v. State, 153 S. W., 611 (Ark.) ; Monahan v. Roderick, 166 N. W., 725.

In view of the infliction by the jury of the supreme penalty, we are not prepared to say that the rulings of the court complained of in the matters we have discussed were harmless.

Having reached the conclusion that the learned trial court fell into error in the two particulars herein discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a motion for rehearing in which it is urged that we were in error on both propositions discussed in our original opinion. Said motion was supported by able oral argument and also by written argu-

ment in connection with the motion. Appellant has filed an answer to the State's motion and written argument supporting the answer.

The questions discussed had our very careful attention upon original submission in both formal and informal conferences because of the nature of the case and the penalty inflicted, and the conclusions stated involved no differences of opinion on the part of the court. We have again considered the questions in connection with the State's motion and argument, and appellant's answer and argument. There still is no difference of opinion regarding the matter. We see nothing to be gained by further discussion unless we were led to reach a different conclusion.

Believing proper disposition of the case was announced originally, the motion for rehearing is overruled.