## JIMMY EUGENE MCNORTON V. STATE

No. 32,178 October 12, 1960

*William Goldapp* and *W. E. Martin,* both of Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., F. Lee Duggan, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving a motor vehicle on a public highway while intoxicated; the punishment, 3 days in jail and a fine of $100.

Appellant was stopped by Highway Patrolmen of the Texas Department of Public Safety while driving an automobile at an excessive speed, on a public highway. The officers who arrested him described his appearance and demeanor and expressed the

opinion that he was intoxicated. A blood specimen taken from appellant with his consent showed an alcohol content of .19 percent, and there was testimony that a person with such percentage of alcohol in the blood would be intoxicated.

Appellant admitted having consumed some seven bottles of beer during the period of time from 3:30 in the afternoon to the time of his arrest about 8:15 P.M. He denied that he was intoxicated.

The evidence is sufficient to sustain the jury's finding that appellant was intoxicated.

Appellant called as a witness the proprietor of a cafe and beer tavern where appellant drank two or three beers very late in the afternoon. He testified that appellant was not then intoxicated.

Appellant claims reversible error in the ruling of the trial judge sustaining the state's objection to a hypothetical question propounded to the tavern keeper.

The state's objection was that the witness had not been shown to be qualified to say whether a man who "has a bottle of beer at 3:30 and a bottle of beer at 4:15, two bottles of beer at 5:00, two or three at 6:15 until a little after seven" would be intoxicated.

The court's ruling on the qualifications of the witness as an expert was upon a matter on which he had a wide discretion. Silva v. State, 152 Tex.Cr.Rep. 545, 215 S.W. 2d 887; Cantu v. State, 141 Tex.Cr.R. 99, 135 S.W. 2d 705. No abuse of discretion is shown.

One need not be an expert in order to express an opinion upon whether a person he observes is intoxicated or is sober. However, only an expert witness may answer hypothetical questions relating to matters such as intoxication.

The judgment is affirmed.