Thomas F. **BUDD**, Appellant,

v.

Frank I. **MADIGAN**, Sheriff, Appellee.

No. 23238.

United States Court of Appeals
Ninth Circuit.

Nov. 12, 1969.

George F. Duke (argued), Director, Cal. Indian Legal Services, Berkeley, Cal., Paul N. Halvonik, Marshall W. Krause, ACLU, San Francisco, Cal., for appellant.

William D. Stein (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., San Francisco, Cal., for appellee.

Before MERRILL, CARTER and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge: *

Appellant was convicted in a California municipal court of violation of California Penal Code, § 647(f).[1]

Without opinion, the Superior Court affirmed the conviction. An application for certification was denied by the District Court of Appeal. A subsequent petition for a writ of habeas corpus was denied by the California Supreme Court. Certiorari was denied by the United States Supreme Court. Budd v. California, 385 U.S. 909, 87 S.Ct. 209, 17 L.Ed. 2d 138 (1966).

The case is before us on the denial, by the District Court, of appellant's petition for habeas corpus.

Appellant was arrested for public drunkenness in Oakland on November 23, 1964, about 1:30 A.M., after the arresting officer had observed him "staggering quite badly". While in this con-

---

* United States District Judge for the District of Oregon, sitting by designation at the time of submission.

1. "Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor:

 \* \* \* \* \*

"(f) Who is found in any public place under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, in such a condition that he is unable to exercise care for his own safety or the safety of others, or by reason of his being under the influence of intoxicating liquor, or any drug, or the combined influence of intoxicating liquor and any drug, interferes with or obstructs or prevents the free use of any street, sidewalk or other public way."

 \* \* \* \* \*

dition, he entered a stranger's parked automobile. The officer detected a strong odor of alcoholic liquor on appellant's breath and noticed that his speech was slurred. Based on appellant's actions, and his own observations, the officer concluded that appellant was drunk in a public place and made the arrest.

Appellant advances two theories for reversal: (1) he contends that under Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), and Robinson v. California, 370 U.S. 660, 82 S. Ct. 1417, 8 L.Ed.2d 758 (1962), the infliction of a criminal penalty upon him under the California statute is in violation of the Eighth Amendment as cruel and unusual punishment, and (2) he contends that the California statute is unconstitutionally vague.

■ (1) Appellant claims to be a chronic alcoholic. Expert testimony supports his claim. The municipal court at trial and the district court on this petition have failed to find on this issue and we assume, arguendo, that appellant is right. He is not, however, being punished for being a chronic alcoholic; nor is he being punished for drinking. He is being punished for the performance of an act forbidden to one while in a state of extreme intoxication; that of appearing in a public place. Consequently, Robinson v. California, *supra*, has no application. The problem presented relates to criminal responsibility of one for his acts rather than to punishment of one for his physiological condition.

The question thus posed is whether a chronic alcoholic in the grip of his affliction is entitled to immunity from prosecution for acts he commits as an unavoidable consequence of his "disease." As Mr. Justice White suggests in Powell v. Texas, *supra*, 392 U.S. at 552, 88 S.Ct. 2145, some such result may well be required by the Eighth Amendment under certain circumstances. This question, however, we need not reach for the record fails to present it.

The record here shows that appellant had been steadily employed for more than a year and a half prior to his arrest; that he gave up drinking hard liquor and drinks only beer; that he refrains from drinking during the work week; that even when intoxicated he refrains from driving a motor vehicle. Expert testimony respecting his chronic condition in part was to the effect that:

" * * * the pattern of drinking with the resultant arrest is rather typical. He rarely drinks alone. Basically, his personality type is that of a rather sociable, dependent, insecure, outgoing individual, and he always seeks out company. He usually goes to a bar and has several drinks and becomes confused, and he will leave the bar and start to wander around the streets. * * * The arrests have generally been the consequence of wandering around the streets in a somewhat dazed, intoxicated state. His explanation of this is that he is looking for his friends, looking for another bar."

We paraphrase the statement of Mr. Justice Marshall in Powell v. Texas, 392 U.S. at page 535, 88 S.Ct. 2145: We are unable to conclude, on the state of this record, or on the current state of medical knowledge that chronic alcoholics in general suffer, or that appellant on this occasion suffered, from such an irresistible compulsion to appear in public places when in a state of intoxication that they are utterly unable to control their performance in this respect.

Appellant, then, has failed to show that his conviction offended the Eighth Amendment.

■ (2) Citing Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 92 L.Ed. 840 (1948); Giaccio v. Pennsylvania, 382 U.S. 399, 86 S.Ct. 518, 15 L. Ed.2d 447 (1966); Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926), and others, appellant contends that Penal Code, Section 647(f) is so vague that men of common intelligence must guess at its meaning and differ as to its application. Beyond question, a statute must be sufficiently definite to provide notice to

reasonable men that they must conform their conduct to its requirements, Lanzetta v. New Jersey, 306 U.S. 451, 59 S. Ct. 618, 83 L.Ed. 888 (1939), and must provide standards of guilt which are reasonably ascertainable by a judge or jury, or both. Herndon v. Lowry, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937); Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 A.L.R. 1513 (1949); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Amalgamated Food Employees Union v. Logan Valley Plaza, 391 U.S. 308, 88 S. Ct. 1601, 20 L.Ed.2d 603 (1968).

The predecessor of 647(f) was declared unconstitutional in In re Newbern, 53 Cal.2d 786, 797, 3 Cal.Rptr. 364, 350 P.2d 116 (1960). That statute made it a misdemeanor to be a "common drunk". *Newbern*, at least by strong implication, upheld the validity of the City of Long Beach Municipal Code, Section 4150, which made it a misdemeanor to be in a public place while in a state of intoxication. Conforming to the suggestion in *Newbern*, the California legislature, at its next session following the decision, enacted the present statute [2] in language strikingly similar to the Long Beach Municipal Ordinance. The report of the interim committee [3] makes it clear that the legislation was enacted to " * * * fill the gap left by the decision in Newbern by providing a uniform, definite standard for police control of the public drunk who is a nuisance to others and a danger to himself."

The requirement of reasonable certainty in statutes affecting individuals does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. Sproles v. Binford, 286 U.S. 374, 393, 52 S.Ct. 581, 76 L.Ed. 1167 (1932). Moreover, when the subject lies within the police power of the state, even debatable questions as to reasonableness are not for the Courts, but for the legislature, which is entitled to form its own judgment. Sproles v. Binford, *supra*, 388–389, 52 S.Ct. 581; Morris v. Duby, 274 U.S. 135, 143, 47 S.Ct. 548, 71 L.Ed. 966 (1927). We have considered the cases cited by appellant. They either support our views, or are factually distinguishable.

The challenged statute is neither vague nor indefinite. Manifestly, it measures up to all constitutional requirements.

We affirm.

---

2. Penal Code § 647(f).

3. 1959–61 Report of Assembly Interim Committee on Criminal Procedure, Volume 22, No. 1, page 199.