Steve Alan ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0042–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1982.

Larry K. Dowell, Houston, for appellant.

Molly Naylor, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

The appellant was convicted of possession of a controlled substance, methamphetamine. The jury assessed punishment at five years confinement. We affirm the judgment of the trial court.

Evidence adduced at a pre-trial hearing on a motion to suppress revealed that at approximately 9:30 p. m. on March 24, 1979, appellant was arrested in an apartment parking lot in Houston, Texas. The two arresting officers, J. W. Clinton and J. W. Fry, testified that they arrested appellant after observing him walk in a swaying and stumbling manner for twenty to twenty-five feet and get into a car behind the steering wheel with the keys in the ignition. Officer Fry testified that in addition to having trouble with his coordination, he noticed the appellant had reddish watery eyes, a disoriented appearance, and a "spaced-out look."

Officer Clinton approached the driver's door with the intention of arresting appellant for public intoxication, and asked him to step out. Appellant fumbled through his wallet, but was unable to extract his identification. The officer then opened appellant's car door, repeated the demand to step out, and simultaneously noticed a tobacco pipe and the odor of marihuana. Upon getting the appellant out of his car, the officer took appellant's wallet and told him he was under arrest for public intoxication. The officer looked in the wallet for identification and found a plastic bag with a powdered residue inside. The residue was later determined to be methamphetamine and is the basis for the prosecution in this case. Also recovered at this time was a used syringe from the appellant's left jacket pocket and a .357 revolver from his boot.

■ In appellant's first and second grounds of error, complaint is made of the admission of the methamphetamine into evidence, alleging no probable cause for arrest. Further complaint is made that the drug was seized prior to appellant's arrest.

The public intoxication statute, Tex.Penal Code Ann. § 42.08(a) (Vernon 1974) provides: "[a]n individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another."

Officer Clinton testified when questioned about what danger existed to appellant or others that when appellant got into his car, ". . . he was fixing to drive off. That was the danger. I thought he could surely hurt himself and somebody else."

Appellant testified during the motion to suppress hearing to an entirely different version of facts surrounding his arrest. He stated unequivocally that he was walking and acting normally and was not intoxicated when arrested. Appellant further presented the testimony of two acquaintances, who spoke with appellant just prior to his arrest, who both testified that appellant looked and acted sober. However, the trial court had sufficient evidence from which to determine that probable cause existed to arrest appellant for public intoxication.

■ In a motion to suppress hearing, where the evidence and testimony are conflicting, the trial judge acts as the trier of fact, and as such is entitled to weigh the credibility of witnesses and their testimony. The court may accept or reject any and all of the testimony of the witnesses as the trier of fact. *Duff v. State*, 546 S.W.2d 283, 286 (Tex.Cr.App.1977); *Draper v. State*, 539 S.W.2d 61, 62–63 (Tex.Cr.App.1976).

Appellant argues that notwithstanding the legality of the arrest, the seizure was illegal as it was effected prior to appellant's arrest. Officer Clinton testified, "I got him out of the vehicle and took his wallet from him (containing the drug), and told him he was under arrest for public intoxication." The officer's language shows that the seizure of the wallet was contemporaneous with the announcement of arrest.

■ The moment of arrest is not solely determined by the expression of intent to arrest or the announcement that a person is under arrest. Rather, it is the act of taking custody by force or consent that is determinative.

To constitute an arrest it is necessary that the officer should assume custody and control over the party, either by force or with his consent, and it has been held that neither the utterance of words indicating an intention to arrest on the

part of the person uttering them, nor the reading of the warrant is of itself sufficient.

*Wyatt v. State*, 120 Tex.Cr.R. 3, 47 S.W.2d 827 (1932).

■ When Officer Clinton opened appellant's car door and "... got him out of the vehicle ...", appellant was under arrest.

Because sufficient probable cause existed to arrest appellant for public intoxication, and because the wallet and the methamphetamine contained therein were seized incident to a lawful arrest, the methamphetamine was properly admitted into evidence before the jury. Appellant's first and second grounds of error are overruled.

■ By his third ground of error, appellant objects to the trial court's failure to suppress the evidence found incident to appellant's arrest for the reason that the public intoxication statute, Tex.Penal Code § 42.08 (Vernon 1974), is "unconstitutionally vague and overbroad," apparently referring to the due process requirements of the U.S.Const. amend. XIV.

In support thereof, appellant cites *Baker v. State*, 478 S.W.2d 445 (Tex.Cr.App.1972), an appeal from a conviction for unlawfully carrying a switchblade knife. The knife was found during the search of Baker incident to his arrest for vagrancy. In finding the statute unconstitutional on several grounds, the court states:

> Each of the challenged sections of Article 607 defines a vagrant as being a person who "has no visible means of support" or who has "no property to support" him. No standard is given to guide officials charged with enforcing this statute as to what is meant by these terms. Thus, the statute impermissibly places unfettered discretion in the hands of the police.

*Id.* at 449. The appellant directs our attention to that portion of the opinion that states "[a] statute is unconstitutionally vague when it either forbids or requires 'the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application...' *Connally v. General Con-*

*struction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926)." *Id.* The appellant argues that the phrase "... to the degree that he may endanger himself or another," has no standard to guide police as to its application, thus leaving enforcement largely to the discretion of the individual officer.

There are no Texas cases discussing the constitutionality of the current public intoxication statute. However, in *Budd v. Madigan*, 418 F.2d 1032 (9th Cir. 1969), the court considered the constitutionality of the California disorderly conduct statute which states, in part:

> Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor: ... (f) who is found in any public place under the influence of intoxicating liquor, or any drug, ... in such a condition that he is unable to exercise care for his own safety or the safety of others...

The defendant in that case had been found at 1:30 a. m., "staggering quite badly" and had entered a stranger's parked automobile. He also had slurred speech and the odor of an alcoholic beverage on his breath. The court stated, in finding the statute not unconstitutionally vague:

> [T]he requirement of reasonable certainty in statutes affecting individuals does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. *Sproles v. Binford*, 286 U.S. 374, 393, 52 S.Ct. 581 [586–87] 76 L.Ed. 1167 (1932). Moreover, when the subject lies within the police power of the States even debatable questions as to reasonableness are not for the Courts, but for the legislature, which is entitled to form its own judgment.

*Id.* at 1035.

"The standard for determining whether a statute is void for vagueness is whether 'it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.' *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed. 110 (1972); *McMorris v. State*, Tex.Cr.App., 516 S.W.2d 927." *Morgan v.*

*State,* 557 S.W.2d 512, 514 (Tex.Cr.App. 1977).

The statute challenged here "... uses ordinary terms to express ideas which find adequate interpretation in common usage and understanding." *Budd v. Madigan,* supra, unlike the phrases "no visable means of support" or "no property to support him", used in *Baker.*

The appellant's third ground of error is overruled.

By his fourth ground, appellant alleges error by the trial court in allowing into evidence, during the punishment phase of the trial, the State's exhibit 1A. This was a prior judgment and sentence that included the revocation of appellant's probation based on the commission of two forgeries, and is complained of because the two forgeries were not final convictions but were judicial determinations of guilt.

■ The appellant's objection on appeal is different from that raised at trial, where he complained of the judgment's failure to allege that the writing purported to be the act of another. Where the objection made in the trial court is not the same as that urged on appeal, appellant has not properly preserved the complaint for review. *McIlveen v. State,* 559 S.W.2d 815, 822 (Tex.Cr. App.1977); *Hernandez v. State,* 599 S.W.2d 614 (Tex.Cr.App.1980).

■ Additionally, as in the matter complained of in the fifth ground of error, the appellant later testified about the same offenses without objection. "Any error in admission of evidence is waived if the same evidence is admitted elsewhere in trial without objection." *Jackson v. State,* 548 S.W.2d 685, 694 (Tex.Cr.App.1977); *Kirvin v. State,* 575 S.W.2d 301, 302–303 (Tex.Cr. App.1978).

■ A distinction is drawn between cases where the *same facts* are admitted without objection and cases where the accused sought to meet, destroy, or explain improperly admitted evidence by *other* evidence, as set forth in *Nicholas v. State,* 502 S.W.2d 169, 174 (Tex.Cr.App.1973). Only in the latter situation is error preserved. The ap-

pellant's fourth and fifth grounds are overruled.

■ In the last ground of error, complaint is made of the admission of testimony from a State's witness that a direct injection of methamphetamine would affect a person within one minute. The witness, Amy Heeter, is a chemist employed by the Houston Police Department, who gave her opinion in response to a hypothetical question. To be proper opinion testimony, the witness must be an expert on the subject. *McNorton v. State,* 170 Tex.Cr.R. 76, 338 S.W.2d 953 (1960). Although Ms. Heeter testified she was not an expert on the subject of drug usage and its effects, that statement is not determinative. *Winn v. State,* 136 Tex.Cr.R. 513, 126 S.W.2d 481, 482 (1939); *State v. Newton,* 391 S.W.2d 758 (Tex.Civ.App.—Waco 1965, no writ); 2 C. McCormick & R. Ray, Texas Law of Evidence § 1401 (Texas Practice 3d ed. 1980).

As a predicate for her testimony, it was shown she received a Bachelor of Arts degree in chemistry from Texas A&M University and that she had been employed as a chemist for over one year. Further, she belonged to several professional associations in the field, and had attended a semester-long class at the University of Houston dealing with the various effects on the body brought about by the use of drugs.

■ A person's qualification as an expert is committed to the sound discretion of the trial judge. *Bueno v. State,* 501 S.W.2d 339 (Tex.Cr.App.1973). No abuse of discretion is shown by the admission of the testimony of Ms. Heeter. The sixth ground is overruled and the judgment affirmed.