Robert MOORE, aka Dennis Taylor, Appellant,

v.

The STATE of Texas, Appellee.

No. 6-81-050-CR.

Court of Appeals of Texas, Texarkana.

Feb. 23, 1982.

Discretionary Review Refused June 16, 1982.

Joe Weis, Law Offices of Pemberton & Green, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty., Steven Watkins, Asst. Dist. Atty., Greenville, for appellee.

BLEIL, Justice.

Robert Moore appeals his aggravated robbery conviction alleging the trial court erred in failing to give a proper jury charge, in denying his motion for continuance, and in failing to quash the indictment. Punishment is fifty years confinement. We find no error and affirm the trial court's judgment.

In the Court's charge on punishment the jury was not told that it could assess a fine in addition to confinement. Although the offense is punishable by fine, Tex.Penal Code Ann. § 12.33(a), (b) (Vernon 1974), Moore did not object to the charge on punishment at trial. Therefore, any complaint he has about the failure of the Court to instruct the jury that it could assess a fine is waived. Furthermore, Moore could not have been harmed by the court's failure to instruct the jury that he could also be fined. *Cain v. State*, 549 S.W.2d 707 (Tex.Crim. App.1977); *Chudleigh v. State*, 540 S.W.2d 314 (Tex.Crim.App.1976); *Daniels v. State*, 527 S.W.2d 549 (Tex.Crim.App.1975).

Moore also complains that the Court erred in denying his second motion for a continuance because he was not allowed 10 days to prepare for trial as provided in Tex.Code Crim.Pro.Ann. art. 26.04(b) (Vernon 1966). Moore's attorney was appointed to represent him April 27, 1981, and a motion for continuance was granted May 11, 1981. The trial was continued until June 16, 1981, and the second motion for continuance was filed on behalf of Moore June 12, 1981. When an attorney has more than 10 days to prepare for trial, it is not error to deny a motion for continuance. *McBride v. State*, 519 S.W.2d 433 (Tex. Crim.App.1974); *Davis v. State*, 513 S.W.2d 928 (Tex.Crim.App.1974); *Ex Parte Engle*, 418 S.W.2d 671 (Tex.Crim.App.1967). In connection with this point Moore also contends that by virtue of the continuance having been denied him he was not allowed

**544**

the effective assistance of counsel. We determine this issue by whether counsel was reasonably likely to render and did render reasonably effective assistance. The test does not require errorless assistance or that judged ineffective by hindsight. *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980); *Hurley v. State*, 606 S.W.2d 887 (Tex.Crim. App.1980). A review of the record here fails to sustain the allegation of ineffective assistance of counsel.

We now turn to Moore's allegation that the trial court erred in failing to quash the indictment. It charged that he:

"... did then and there while in the course of committing theft and with intent to obtain property of Joye Bird, to-wit: $734.00 in good United States currency and one portable color television set, without the effective consent of the owner, Joye Bird, a person having a greater right to possession of the property than the said Robert Moore, and with the intent to deprive the said Joye Bird of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a firearm, intentionally and knowingly place the said Joye Bird in fear of imminent bodily injury; ...".

Moore says that the indictment is defective because it alleges his intent was to deprive Joye Bird of her property but does not specify the manner in which he intended to deprive her of the property. Tex.Penal Code Ann. § 31.01(3) (Vernon 1974) provides three definitions of the term "deprive". It says deprive means:

"(A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;

(B) to restore property only upon payment of reward or other compensation; or

(C) to dispose of property in a manner that makes recovery of the property by the owner unlikely."

Moore complains that because the term "deprive" was not defined in the indictment he was not fully apprised of the nature of the offense so that he could properly prepare his defense.

Generally, an indictment which tracks the words of the penal statute, as does the indictment in this case, is legally sufficient. And, ordinarily, when a term is defined in the statutes, it need not be further alleged in the indictment. *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App.1981). However, where a definition of an act or omission is statutorily defined by more than one means or manner by which the act or omission is committed, the State, upon timely request, must allege the particular manner or means it seeks to establish. *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim. App.1981). Moore urges that *Ferguson* compels us to reverse this case and order the indictment quashed. We disagree. In *Ferguson* the indictment did not apprise the defendant of the acts he was accused of doing. Here, all acts were spelled out in detail. This indictment gives precise notice of the nature of the accusation against him as required by Tex.Const. art. I, § 10. It was not necessary for the State to further specify Moore's *intent*, as opposed to the *acts* he was charged with, by alleging one of the three definitions of deprive.

The judgment of the trial court is affirmed.