**Karl Wayne DUHRKOPF, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–105–CR.**

Court of Appeals of Texas,
Fort Worth.

June 27, 1984.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall and James J. Heinemann and Greg Pipes, Asst. Dist. Attys., Fort Worth, for State.

Before JORDAN, ASHWORTH and HILL, JJ.

## OPINION ON STATE'S MOTION FOR REHEARING

HILL, Justice.

The original opinion of this court, issued on May 24, 1984, is hereby withdrawn and the judgment set aside and the following opinion is substituted therefor.

This is an appeal of a revocation of probation. Appellant was placed on probation when he pled guilty to the offense of possession of over four ounces of marihuana. Upon the hearing of the motion for revocation, the trial court found that the appellant had violated a number of the conditions of his probation and revoked his probation, sentencing him to ten years in the Texas Department of Corrections.

We affirm.

■ In ground of error number one, the appellant asserts that the action of the trial court in allowing the State to prove his probation record through the use of business records was error, in that the failure to have a witness with first-hand knowledge denied him his right of confrontation in cross-examination of the witnesses against him. The records were properly proved by the State in accordance with TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1984). Records properly authenticated under art. 3737e are not automatically admissible in the trial of a criminal cause. If the record does not have " 'the indicia of reliability to insure the integrity of the fact-finding process commensurate with the constitutional right of confrontation and cross-examination' ", then it is inadmissible as evidence. *Porter v. State,* 623 S.W.2d 374, 384 (Tex.Cr.App.1981). The fundamental trustworthiness of the record must be evident. *Porter, supra.* In the case at bar the appellant's probation record was not prepared with a specific view toward prosecution in mind. It was a record of the appellant's reports to the probation office and a record of any payments made by him under his conditions of probation. The appellant does not complain that the probation record is inaccurate, nor is there any indication in the record that it is inaccurate. We therefore hold that the probation record was of such trustworthiness as to guarantee the same protection provided by the rights of confrontation and cross-examination. *See Porter, supra* at 385. The case of *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), cited by the appellant, is authority for the fact that the revocation of parole without affording the parolee a hearing is a violation of the parolee's due process rights and his right of confrontation and cross-examination. The appellant cites no case which holds that the admission of a probation record to show when reports and payments were made to a probation officer would lack fundamental trustworthiness. Appellant's ground of error number one is overruled.

■ In ground of error number two, appellant urges that the trial court erred in considering three probation violations inasmuch as this placed appellant in double jeopardy. Appellant pled guilty to the of-

fense of possession of marihuana on March 4, 1982, and was placed on probation for ten years. On July 30, 1982, appellant was arrested for public intoxication, making an unreasonable noise in a public place, and failing to identify himself to a police officer. He was returned to court on September 21, 1982, and, because of his arrest, the trial court imposed additional conditions of probation. No motion for revocation of probation was filed at that time. On March 30, 1983, the State filed a petition to revoke appellant's probation, citing the three violations listed above as well as appellant's failure to report to the probation officer and his failure to pay the probation fee and restitution. Appellant's probation was revoked on May 4, 1983, and he was ordered to serve his ten-year sentence in the Texas Department of Corrections.

Appellant contends that when the trial court imposed additional conditions of probation after his July 30, 1982 arrest for three violations, the trial court thereafter could not use these same three violations as grounds to revoke his probation. He argues that this violated his constitutional and statutory protection against double jeopardy. The Court of Criminal Appeals, in a case in which such a motion had been previously filed, a hearing held, and probation not revoked, held that double jeopardy protection is not applicable in probation revocation proceedings. *Davenport v. State*, 574 S.W.2d 73, 75 (Tex.Cr.App.1978). Appellant's ground of error number two is overruled.

■ By ground of error number three, the appellant urges that paragraph one of the State's petition for revocation of probated sentence is vague and indefinite and fails to apprise him of the charges against him. The paragraph in question alleges a violation of TEX.PENAL CODE ANN. § 42.08 (Vernon 1974) (public intoxication). It has been held that this section is not unconstitutionally vague and overbroad, because it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. *Alexander v. State*, 630 S.W.2d 355, 358–59 (Tex.

App.—Houston [1st Dist.] 1982, no pet.). Paragraph one of the State's petition for revocation follows the language of the statute, specifically identifying the date and location of the alleged acts. Generally speaking, a charging instrument drawn in the language of the statute creating and defining the offense is legally sufficient. *Moore v. State*, 633 S.W.2d 542, 544 (Tex. App.—Texarkana 1982, pet. ref'd). Appellant cites no authority as to why this case would constitute an exception to the general rule. Appellant's third ground of error is overruled.

■ In ground of error number four, appellant asserts that paragraph two of the motion to revoke is vague and indefinite and failed to apprise him of the charge against him. Paragraph two of the State's motion to revoke probation alleges a violation of TEX.PENAL CODE ANN. § 42.-01(a)(5) (Vernon Supp.1984) (making an unreasonable noise in a public place) in the language of the statute. As noted, a charging instrument drawn in the language of the statute creating and defining the offense is legally sufficient. *Moore, supra*. Again, the appellant cites no authority as to why the facts in this case would constitute an exception to the general rule. None of the cases cited by the appellant involve revocations of probation based upon motions alleging statutory violations in detail and are therefore not applicable to the case at bar.

■ By ground of error number five, the appellant states that the evidence is insufficient to show an ability on appellant's part to pay court cost and probation fee. We have examined the record and find that there was no evidence to show the appellant's ability to pay on the occasion in question. In the absence of a showing of appellant's ability to make the payments required, and that his failure was intentional, the court abused its discretion in revoking probation based on failure to make the required payments. *Herrington v. State*, 534 S.W.2d 331, 334 (Tex.Cr.App.1976). Ground of error number five is sustained.

Appellant asserts by ground of error number six that it was error to revoke his probation for failure to report in that he had no driver's license, and the State failed to prove that he had the ability to report. The probation officer testified that he satisfied himself at the time the appellant went on probation that he had access to transportation in that his mother would be able to take him if need be. There is no testimony which shows that the appellant's failure to report was due to any difficulties in obtaining transportation. We find the evidence sufficient to support revocation for failure to report. Ground of error number six is overruled.

Appellant by ground of error number seven urges that there was no competent evidence upon which to base the court's decision to revoke probation. There is no particular insufficiency mentioned in the argument. We have reviewed the evidence and we hold that it is sufficient as to one or more of the grounds for revocation, and that the revocation of the appellant's probation was not an abuse of discretion. Appellant's seventh ground of error is overruled.

Appellant states in ground of error number eight that it was error to revoke the appellant's probation for the original conditions of revocation after additional conditions had been added. It is clear from an examination of the record that the original conditions were supplemented rather than supplanted. No authority is cited in behalf of the appellant's contention. Appellant's ground of error number eight is overruled.

In a supplemental ground of error, appellant collaterally attacks the validity of his conviction, asserting that the indictment charging the offense of delivery of marihuana of more than one-fourth ounce will not support a conviction of the offense of possession of marihuana of more than four ounces.

The record reflects that appellant was charged in a two-paragraph indictment with actual and constructive delivery of marihuana of more than one-fourth ounce. Act of May 29, 1981, ch. 268, § 7, 1981 Tex.Gen.Laws 702, entitled Texas Controlled Substances Act, in effect at time of trial, provided:

Sec. 4.05. (a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

(b) An offense under Subsection (a) of this section is:

\* \* \* \* \* \*

(3) a felony of the third degree if the amount of marihuana delivered is four ounces or less but more than one-fourth ounce; ...

Appellant waived a jury trial and entered a plea of guilty to the "lesser included offense" of possession of marihuana of more than four ounces defined at Act of May 29, 1981, ch. 268, § 7, 1981 Tex.Gen. Laws 702 as follows:

Sec. 4.051. (a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.

(b) An offense under Subsection (a) of this section is:

\* \* \* \* \* \*

(3) a felony of the third degree if the amount of marihuana possessed is five pounds or less but more than four ounces; ...

The crux of appellant's argument is that because the offense of delivery of marihuana of more than one-fourth ounce is defined in the statute with an upper limit of "four ounces or less," possession of marihuana of more than four ounces (the "lesser included offense" of which he was convicted) cannot be a lesser included offense of delivery as charged in the indictment because it requires proof of a larger amount of marihuana. In essence, appellant contends that the offense of delivery of marihuana as charged in the indictment required proof of an amount of marihuana anywhere between one-fourth ounce up to four ounces, whereas the offense of possession for which he was convicted required

proof of over four ounces of marihuana, a larger amount of marihuana, and, therefore, an additional element of proof. He points out also that the possession of the amounts of marihuana which could have been proved under the indictment for delivery over one-quarter ounce are all misdemeanors rather than third degree felonies.

Appellant's contention might have merit except for the fact that he was indicted and convicted under the 1981 amendment to the Texas Controlled Substances Act which was subsequently held by the Court of Criminal Appeals to be unconstitutional due to the defective caption to the 1981 amendatory act. *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.), *reh. denied*, 661 S.W.2d 956 (1983). As a result of the Court of Criminal Appeals' decision in *Crisp*, the version of the Controlled Substances Act in effect prior to the enactment of the 1981 amendment remains in effect as though the 1981 amendments had never been enacted. *Ex parte Crisp, supra*. Under the pre-amendment version, the offense of delivery is defined at TEX.REV. CIV.STAT.ANN. art. 4476–15, § 4.05 (Vernon 1976) as follows:

(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

(e) Except as provided in Subsection (f) of this section, an offense under Subsection (d) of this section is a felony of the third degree.

(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration.

■■■■■ Clearly, the indictment is sufficient to allege the third degree felony offense of delivery of marihuana under the preamendment version of the Controlled Substances Act which provides no upper limit on the amount of marihuana delivered, so that proof of any amount of marihuana over one-fourth ounce is sufficient to sustain a conviction. The question, then, is whether the conviction for possession of over four ounces of marihuana is authorized under this delivery indictment. The relevant test is whether the possession offense can be proved by the same facts necessary to establish the offense charged. *Jones v. State*, 586 S.W.2d 542, 545 (Tex. Crim.App.1979); TEX.CODE CRIM.PROC. ANN. art. 37.09 (Vernon 1981). Possession of a controlled substance can be a lesser included offense of delivery of the same controlled substance depending on the facts of the case. *See Jones, supra*. Further, since the existence of a lesser included offense turns on the facts adduced at trial and this case is before us without a statement of facts of the original trial, we can only presume that the proof offered at trial was sufficient to sustain the conviction of the lesser included offense of possession of marihuana over four ounces. *Foots v. State*, 288 S.W. 444 (Tex.Crim.App.1926). Appellant's supplemental ground of error is overruled.

Inasmuch as we have upheld the revocation on one or more of the alleged grounds, the judgment is affirmed.