Joe William JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–0080–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 19, 1987.

Rehearing Denied Jan. 14, 1988.

Richard Frankoff, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Perry McCollum, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a conviction, pursuant to a plea bargain, for a misdemeanor offense of possession of marijuana. Appellant entered a plea of no contest; the court found him guilty as charged and assessed punishment at four days in jail with credit for two days, and a fine of $500.

■ Appellant does not contest the sufficiency of the evidence to support his conviction; indeed, no evidence is needed to support a conviction based on a plea of "no contest" in a misdemeanor case. *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex.Crim. App.1986); Tex.Code Crim.P.Ann. art. 27.-14(a) (Vernon Supp.1987).

In two points of error, appellant contends that the trial court committed reversible error in failing to suppress the marijuana found on his person at the time of the arrest.

At the pre-trial hearing on appellant's motion to suppress, the arresting officer, R.J. Rolling, testified that he and his partner were on patrol in southeast Houston during the early morning hours of September 27, 1986. About 3 a.m., the officers were notified by the police dispatcher of a report that a suspicious vehicle was parked on the street in front of a residence. The officers drove to the scene and observed a small black car with its engine running and three black males inside. As Officer Rolling approached the driver's side of the car, the driver either opened his door or rolled his window down, and Officer Rolling smelled the odor of burning marijuana. He also observed that the driver and appellant had their pants unzipped and their shoes off. The officer asked the occupants of the car to step out of the car, and the men complied, with appellant exiting the car from the passenger side. The officer testified that the driver and appellant both appeared to be intoxicated. Both had bloodshot eyes, a strong odor of alcohol, and difficulty walking. The officer placed the

two men under arrest for public intoxication and searched them. He found two marijuana cigarettes in appellant's shirt pocket, and in a later search at the police station, he found another marijuana cigarette in the lining of appellant's cap.

In his brief and at oral submission, appellant contends that there was no probable cause for appellant's arrest, and therefore, the search is invalid. In his first point of error, he argues that there was no showing that he was "a danger to himself or others," so there was no legal basis for his arrest for public intoxication. *See* Tex.Penal Code Ann. sec. 42.08(a) (Vernon Supp. 1987). In his second point of error, appellant contends that the State failed to prove that the place of his arrest was a "public place" within the definition of Tex.Penal Code Ann. sec. 1.07(29) (Vernon 1974).

■ The State argues in its brief that the trial court was justified in finding probable cause, based solely on the testimony that the occupants of the car were smoking marijuana in the officer's presence. We agree. Officer Rolling testified that he detected the odor of burning marijuana coming from the window and then observed the occupants, without shoes on and with their pants unzipped, sitting inside. The smell of burning marijuana was, in itself, probable cause for the officer to make further investigation to determine whether an offense was being committed in his presence. *See Isam v. State*, 582 S.W.2d 441, 444 (Tex.Crim.App.1979) (odor of marijuana); *Sanchez v. State*, 582 S.W.2d 813, 814–15 (Tex.Crim.App.1979) (smell of alcohol); *Duff v. State*, 546 S.W.2d 283, 285 (Tex.Crim.App.1977) (odor of marijuana and marijuana seeds observed on floorboard); *Hazel v. State*, 534 S.W.2d 698, 701 (Tex.Crim.App.1976) (odor of alcohol and physical characteristics indicating intoxication); *Alexander v. State*, 630 S.W.2d 355, 357 (Tex.App.—Houston [1st Dist.] 1982, no pet.) (odor of marijuana and tobacco pipe in plain view).

The appellant concedes that the officers acted reasonably in walking over to the vehicle, engaging the occupants in conversation, and asking that they get out of the

car. He contends only that the officers acted without probable cause in searching his person based on an arrest for public intoxication.

■ We conclude that the evidence supports the trial court's finding of probable cause to arrest and search the appellant. Acting on the police dispatcher's report of a suspicious vehicle, the officers encountered a vehicle parked on a public street in front of a residence in the very early hours of the morning. Upon investigation, the officers observed the occupants, shoeless and pants' zippers open, and smelled the odor of burning marijuana from inside the car. At that point, the officer had probable cause to believe an offense was being committed in his presence. *Sanchez*, 582 S.W. 2d at 815; *Duff*, 546 S.W.2d at 286. When the driver and appellant exited the automobile, both appeared to be intoxicated. Each man had blood-shot eyes, a strong odor of alcohol, and difficulty walking. Under these circumstances, the officer had probable cause to place the appellant under arrest for public intoxication. *See Duff*, 546 S.W.2d at 286; *Wood v. State*, 515 S.W.2d 300 (Tex.Crim.App.1974); *Leonard v. State*, 496 S.W.2d 576 (Tex.Crim.App.1973); *Alexander v. State*, 630 S.W.2d at 357.

As the State suggests, the issue is not whether the evidence is sufficient to prove that appellant is guilty of the offense of public intoxication; the issue is whether the officer had probable cause to arrest the appellant. *Vasquez v. State*, 682 S.W.2d 407, 412 (Tex.App.—Houston [1st Dist.] 1984, no pet.). The appellant cites *Berg v. State*, 720 S.W.2d 199 (Tex.App.—Houston [14th Dist.] 1986, pet. pending), to support his argument that the State failed to prove probable cause, in that there was no direct testimony that appellant's intoxication was a danger to himself or others. *See* Tex.Penal Code Ann. sec. 42.08(a) (Vernon Supp. 1987). *Berg* is distinguishable from the circumstances here because in that case, the defendant was arrested in an airport and not shown to be intoxicated to the degree that there was any danger to himself or others. Here, there were circumstances showing the potential for harm to the appellant or to others. *See Britton v. State*, 578 S.W.2d 685, 689 (Tex.Crim.App. 1978) (op. on reh'g); *Dickey v. State*, 552 S.W.2d 467, 468 (Tex.Crim.App.1977); *Alexander*, 630 S.W.2d at 357.

■ We further conclude that even if probable cause for appellant's arrest cannot be justified on the basis of the evidence of public intoxication, the trial court did not err in finding that there was probable cause. After the officer smelled the odor of burning marijuana coming from the automobile, he was justified in placing the appellant under arrest and searching his person, even though he may have given an erroneous reason for his decision to search. *See Esco v. State*, 668 S.W.2d 358, 366 (Tex.Crim.App.1982); *compare Lippert v. State*, 664 S.W.2d 712, 714 (Tex.Crim.App. 1984).

Appellant's first point of error is overruled.

■ We also overrule appellant's second point of error in which he argues that there was no showing that appellant's intoxication occurred in a public place. Appellant argues that there was no showing of the ownership of the residence in front of which the vehicle was parked, or whether the vehicle was parked there by permission of the owner. He contends that the State was required to prove that the location was one where the public had some access to the vehicle in which appellant was an occupant.

Whether a vehicle on a public street is considered to be in a "public place" is generally a fact question for the trial court to determine from all the circumstances. *See Kirtley v. State*, 585 S.W.2d 724, 726 (Tex. Crim.App.1979); *see also Honeycutt v. State*, 690 S.W.2d 64, 65 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Here, the trial court decided that issue against appellant. We conclude that there is evidence in the record to support a finding that Officer Rolling acted with probable cause in placing the appellant under arrest for the offense of public intoxication. *Bentley v. State*, 535 S.W.2d 651, 652–53 (Tex.Crim. App.1976); *Hazel v. State*, 534 S.W.2d at 703.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.