Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued June 1,
2006

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00763-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROBERT CANSECO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 880176

 








 

 



O P I N I O N

 

          Robert
Canseco appeals a trial court judgment revoking his community supervision for possession
of cocaine with intent to deliver.  In
one issue, Canseco contends the trial court erred in admitting hearsay evidence
from his probation file at the revocation hearing.  We conclude that the trial court did not
abuse its discretion and therefore affirm.

Background

          In
July 2001, the State charged Canseco with possession of cocaine with intent to
deliver.  Pursuant to a plea agreement, Canseco
pleaded guilty, and the trial court assessed punishment at six years’ imprisonment,
suspended for six years’ community supervision. 
The State subsequently moved to revoke Canseco’s community supervision,
alleging that he had violated the conditions of community supervision by (1)
testing positive for marihuana on several occasions, (2) failing to submit to a
random urine specimen analysis, and (3) failing to perform the required number
of community service hours.

          The
trial court held a revocation hearing in July 2005.  After hearing testimony from five witnesses,
including Canseco’s probation officer, the trial court found that Canseco had
violated the terms and conditions of his community supervision.  The court therefore revoked Canseco’s
community supervision and assessed punishment at five years’ imprisonment.  This appeal followed.

Standard of Review

          A
revocation proceeding is neither criminal nor civil in nature—rather, it is an
administrative proceeding.  See Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Greer v. State,
999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  At a revocation hearing, the State must prove
by a preponderance of the evidence that the defendant has violated a condition
of his community supervision.  Cobb,
851 S.W.2d at 873; Greer, 999 S.W.2d at 486.  Proof of a single violation is sufficient to
support a revocation.  Greer, 999
S.W.2d at 486.

Our review of the evidence is limited
to determining whether the trial court abused its discretion in revoking the
defendant’s community supervision.  Cobb,
851 S.W.2d at 873; Greer, 999 S.W.2d at 486.  We view the evidence in the light most
favorable to the trial court’s judgment. 
Cobb, 851 S.W.2d at 873; Greer, 999 S.W.2d at 486.  The trial court is the exclusive judge of the
credibility of the witnesses and must determine whether the allegations in the
motion to revoke are sufficiently demonstrated. 
Greer, 999 S.W.2d at 486; Galvan v. State, 846 S.W.2d 161,
162 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Analysis

          In
his sole issue, Canseco contends the trial court erred in allowing his
probation officer, Earl Attebury, to testify about the contents of his
probation file.  At the time of the
revocation hearing, Attebury had been employed by the Harris County Community
Supervision and Correction Department (“probation department”) for only three
months.  Attebury replaced Teresa Hill,
Canseco’s former probation officer, whose employment had been terminated in
April 2005.

          At
the revocation hearing, the State asked Attebury to testify about several
notations Hill had made in Canseco’s probation file regarding his failure to
perform community service at the required rate, his failure to leave a urine
sample on one occasion, the number of times his urine samples had tested
positive, and whether the probation department had received reports from the
laboratory after it completed its analysis of Canseco’s urine samples.  Canseco objected to the State’s line of questioning
on hearsay grounds.  After Attebury
testified that the probation file was compiled as a regular practice and kept
in the regular course of business of the probation department, and that the
entries in the file were made by an individual with personal knowledge of the
entries, at or near the time of the information entered into the file, the
court ruled that the contents of the file were admissible as a business record
under Texas Rule of Evidence 803(6).  See
Tex. R. Evid. 803(6).  Canseco asserts that the trial court abused
its discretion in allowing Attebury to testify from the probation file because he
did not have personal knowledge of the contents of the file, and the
preparation of the file indicated a lack of trustworthiness.

          A
trial court has broad discretion in determining the admissibility of
evidence.  Coffin v. State, 885
S.W.2d 140, 149 (Tex. Crim. App. 1994). 
Thus, we will not reverse an evidentiary ruling unless the record shows
a clear abuse of discretion.  Williams
v. State, 535 S.W.2d 637, 639–40 (Tex. Crim. App. 1976).  An abuse of discretion occurs when the trial
court acts without reference to guiding rules or principles or acts arbitrarily
or unreasonably.  Galliford v. State,
101 S.W.3d 600, 604 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).

          Texas
Rule of Evidence 803(6) excepts from the hearsay rule

[a] memorandum, report, record, or data compilation,
in any form, of acts, events, conditions, opinions, or diagnoses, made at or
near the time by, or from information transmitted by, a person with knowledge,
if kept in the course of a regularly conducted business activity, and if it was
the regular practice of that business activity to make the memorandum, report,
record, or data compilation, all as shown by the testimony of the custodian or
other qualified witness, . . . unless the source of
information or the method or circumstances of preparation indicate lack of
trustworthiness.  “Business” . . .
includes any and every kind of regular organized activity whether conducted for
profit or not.

 

Tex. R. Evid. 803(6).  “To authenticate a record of a regularly
conducted activity, . . . Rule 803(6) does not require that
the person authenticating the record be either the creator of the record or to
have personal knowledge of the information recorded therein.”  Desselles v. State, 934 S.W.2d 874,
876 (Tex. App.—Waco 1996, no pet.). 
Rather, the testifying witness need only have knowledge of how the
record was prepared.  Id.  Thus, the Court of Criminal Appeals has
determined that a probation file is admissible as a business record, even
though the testifying witness does not have personal knowledge of the entries
in the file, so long as the personnel who made the entries did have personal
knowledge of the facts therein.  Simmons
v. State, 564 S.W.2d 769, 770 (Tex. Crim. App. 1978); see also Dodson v.
State, 689 S.W.2d 483, 485 (Tex. App.—Houston [14th Dist.] 1985, no pet.)
(holding that, where proper predicate is laid, probation file is admissible as
business record).  Here, although
Attebury did not have personal knowledge of all the entries in Canseco’s
probation file, he testified that Hill prepared the file and had personal
knowledge of the facts she recorded in the file.  The State therefore laid the proper predicate
for admission of the probation file as a business record under Rule 803(6).  See Desselles, 934 S.W.2d at 876.

          Though
Canseco speculates that Hill’s employment may have been terminated for
incompetence or for failure to maintain accurate records, and that the
probation file is therefore untrustworthy, there is no evidence in the record
to support Canseco’s assertion.  Nor does
Canseco affirmatively contend that any particular facts in the probation file
are inaccurate.  As such, we reject
Canseco’s suggestion that preparation of the probation file indicates a lack of
trustworthiness.  See Duhrkopf
v. State, 671 S.W.2d 147, 149 (Tex. App.—Fort Worth 1984, pet. ref’d)
(holding that probation file admitted as business record was fundamentally
trustworthy where appellant did not complain, and record did not indicate, that
it was inaccurate); see also Brooks v. State, 901 S.W.2d 742, 746–47
(Tex. App.—Fort Worth 1995, pet. ref’d, pet. dism’d) (rejecting appellant’s
assertion that medical records admitted as business records under Rule 803(6)
were untrustworthy because “[t]here is no requirement that the custodian of the
records be able to identify the source of any or all of the handwritings in the
record” and there was nothing apparent in record to render medical records
untrustworthy); Cartwright v. State, 807 S.W.2d 654, 655–56 (Tex.
App.—Beaumont 1991), aff’d, 833 S.W.2d 134 (Tex. Crim. App. 1992)
(concluding that trial court did not err in admitting laboratory report as
business record under Rule 803(6), even though chemist who wrote report was no
longer employed by county crime laboratory at time of trial and business record
predicate was therefore laid by his successor). 
We therefore conclude that the trial court did not abuse its discretion
in allowing Attebury to testify from Canseco’s probation file under Rule
803(6).

 

 

Conclusion

          We
affirm the judgment of the trial court.

 

          

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Alcala, and Bland.

Publish.  Tex.
R. App. P. 47.2(b).