**Chester Eugene VAUGHN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45251.**

Court of Criimnal Appeals of Texas.

Oct. 25, 1972.

Tark Cook, Perryton, for appellant.

G. R. Close, County Atty., Perryton, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of driving while intoxicated (misdemeanor).

Punishment was assessed by a jury at 10 days' confinement in the county jail and a fine of $100.00.

The only record of the testimony is an agreed statement of facts, and bills of exception which were filed and approved by the county court.

Appellant cites three grounds of error.

The agreed statement of facts reflects that on the evening of April 13, 1969, two officers of the Texas Department of Public Safety observed appellant weaving down the highway about three or four miles north of Perryton, Texas. When stopped, appellant admitted he had been drinking, but denied he was intoxicated. The arresting officer testified that in his opinion, appellant was under the influence of intoxicating liquor at the time he was arrested.

First, appellant alleges error in that the court refused to grant probation. The pertinent statute, Art. 802, Vernon's Ann. P.C., states that the presiding judge *at his discretion* may commute a jail sentence to a probation period of not less than 6 months (emphasis supplied). No error is shown. Ground of error # 1 is overruled.

Appellant next complains that reversible error occurred when the court refused to permit cross-examination of the arresting officer as to the officer's personal drinking habits. Appellant contends that such a matter was relevant because of the fact the officer testified he was qualified to recognize drunken people and testify thereto. It is elementary in Texas that one need not be an expert in order to express an opinion upon whether a person he observes is intoxicated. McNorton v. State, 170 Tex.Cr.R. 76, 338 S.W.2d 953 (Tex. Crim.App.1960). We conclude there was no error in the court's ruling that it was not relevant for appellant to cross-examine the officer as to his own drinking habits. Appellant's second ground of error is overruled.

In his third ground of error, appellant challenges the sufficiency of the evidence. The arresting officer testified that he saw appellant's car weaving down the road, that he was speeding, his eyes were bloodshot, and that appellant told him at one point he had had six or so beers to drink that night. The jury resolved the disputed issue of intoxication against the appellant and we find the evidence sufficient to sustain their verdict.

The judgment is affirmed.