Affirmed and Memorandum Opinion filed February 12, 2004









Affirmed
and Memorandum Opinion filed February 12, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00403-CR

____________

 

GUADALUPE HUMBERTO SILVA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th District
Court

Harris County, Texas

Trial Court Cause No. 926,511

 



 

M E M O R A N D U M  
O P I N I O N

Appellant Guadalupe Humberto Silva
appeals from his felony conviction for driving while intoxicated.  He was convicted by a jury, and punishment
was assessed at twenty-five years= confinement.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.

Appellant raises six issues in this appeal: (1) whether the
trial court erred in admitting a witness= lay opinion that appellant was
intoxicated; (2) whether the trial court erred in 








refusing to admit the document evidencing his wife=s payment for services rendered
by a key witness against him; whether the evidence was (3) legally and (4)
factually sufficient to support the finding that he had lost the normal use of
his mental and physical faculties; and whether the evidence was (5) legally and
(6) factually sufficient to support the finding that he had operated a vehicle
while intoxicated.  In resolving these
issues below, we consider appellant=s third issue along with his
fourth, and his fifth issue along with his sixth.

In his first issue, appellant argues that the trial court
erred in admitting Jamal Al-Zibdeh=s lay testimony that he was
intoxicated because Al-Zibdeh was not properly
qualified to render such an opinion. 
Under Rule 701 of the Texas Rules of Evidence, an opinion must be (a)
rationally based on the perception of the witness, and (b) helpful to a clear
understanding of the witness= testimony or the determination
of a fact at issue. Tex. R. Evid. 701
(a) and (b).  Whether lay opinion
testimony meets the requisites of Rule 701 is within the sound discretion of
the trial court.  Fairow
v. State, 943 S.W.2d 895, 901 (Tex. Crim. App.
1997).  If there is evidence in the
record supporting the trial court=s decision to admit or exclude
the testimony under Rule 701, there is no abuse of discretion, and we must defer
to that decision.  Id.

Appellant argues that, in order to be considered properly
qualified to render such an opinion, a lay witness must have observed
intoxicated persons on previous occasions, citing Vaughn v. State, 493
S.W.2d 524 (Tex. Crim. App. 1972).  But Vaughn does not stand for that
proposition.  To the contrary, the court
there held that a witness need not be an expert to render an opinion as to
whether the person he observed was intoxicated. 
Id. at 525.

The evidence presented to the trial court here was both
rationally based on the witness= perceptions and helpful in
determining whether appellant was intoxicated at the time he operated a
vehicle.  Al-Zibdeh
testified that appellant had a strong odor of alcohol about him and was unable to
maintain his balance just minutes after exiting the vehicle.  He also observed appellant=s inability to successfully
perform the field sobriety tests administered 








by the officer at the scene. 
Therefore, we hold the trial court did not abuse its discretion in
admitting Al-Zibdeh=s testimony that appellant was
intoxicated and overrule appellant=s first issue.

In his second issue, appellant argues that the trial court
erred in refusing to admit the document evidencing his wife=s payment for the towing
service rendered by Al-Zibdeh, who was a key witness
against him.  He contends that because
this evidence establishes a motive for bias on the part of the witness, the
trial court=s refusal constitutes a
violation of his federal constitutional right to confrontation and
cross-examination.  We disagree.

The Confrontation Clause of the United States Constitution
guarantees the right of the accused in a criminal prosecution Ato be confronted with the
witnesses against him.@ U.S. Const. amend. VI. 
The Supreme Court of the United States has repeatedly held that the
Sixth Amendment does not require unlimited cross-examination. See Delaware
v. Van Arsdall, 475 U.S. 673, 679-80 (1986).  A court may restrict cross-examination so
long as the jurors receive sufficient information to assess the credibility of
a witness.  Id. at 679.  Thus, a limitation upon cross-examination
does not violate the Sixth Amendment unless the excluded testimony would have
affected the jury=s impression of the witness= credibility.  Id. at 681.

In the present case, the trial court did not permit
appellant to introduce into evidence the bill his wife had to pay Al-Zibdeh, the tow truck operator.  According to appellant, the jury was entitled
to examine the bill for themselves in determining the credibility of Al-Zibdeh.  But other
admitted evidence already had established Al-Zibdeh=s motive to incriminate
appellant.  Al-Zibdeh
himself testified that he waited around after the arrest so that he could tow
appellant=s vehicle and that he had
received 83 dollars for his services. 
Because the document would have been cumulative of evidence already
admitted, we find that the jury had sufficient information to assess the
credibility of Al-Zibdeh.  The exclusion 

 








thus did not affect the jury=s impression of the witness= credibility.  Accordingly, appellant=s second issue is overruled.

In his third and fourth issues, appellant argues that the
evidence is legally and factually insufficient to support a finding that he had
lost the normal use of his mental and physical faculties.  He contends, as did the appellant in Massie
v. State, 744 S.W.2d 314, 316 (Tex. App.CDallas
1988, pet. ref=d), that there is no evidence
of his normal use of his faculties and thus no proof that he lost the
normal use of them as alleged by the State. 
In Massie, the court held that no proof of a particular defendant=s faculties was required,
stating:

We do not construe an
allegation that appellant did not have normal use of his mental and physical
faculties the same as an allegation that appellant did not have his normal use
of his faculties.  The former allegation
does not require proof of the defendant=s normal abilities.  Rather, it means that the faculties which
must be tested belong to appellant.  If
there was evidence that appellant could not use his faculties on the occasion
in question, in the manner in which the normal non-intoxicated person would be
able to use his faculties, the evidence is sufficient to convict him unless the
jury finds that his inability to perform on that occasion is not due to
intoxicants. 

Id.  Other courts have followed this reasoning. See,
e.g., Reagan v. State, 968 S.W.2d 571, 572 (Tex. App.CTexarkana 1998, pet. ref=d); Fogle
v. State, 988 S.W.2d 891, 892 (Tex. App.CFort Worth 1999, pet. ref=d); Railsback
v. State, 95 S.W.3d 473, 484 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  We find this reasoning persuasive as well.

In the present case, Officers Mark Smith and Richard Martinez
of the Houston Police Department testified appellant failed each of the field
sobriety tests they administered, including the Romberg test, the one-leg-stand
test, the walk-and-turn test, and the horizontal gaze nystagmus
(AHGN@) test.  These tests challenge one=s ability to use his mental and
physical faculties in the manner of a normal non-intoxicated person.  Because of his failure on the tests and the
fact that appellant did not present any evidence attributing such failure to
another cause, we hold that the evidence is both legally and factually
sufficient to support the finding that appellant had lost the normal use of his
mental and physical faculties. 
Accordingly, we overrule appellant=s third and fourth issues.








In his fifth and sixth issues, appellant argues the evidence
is legally and factually insufficient to support his conviction because the
State failed to prove that he operated a 

vehicle while intoxicated. 
Specifically, he challenges the credibility of Al-Zibdeh
in connection with these issues.[1]  We apply the usual standards of review for
legal and factual sufficiency. See Reyes v. State, 84 S.W.3d 633, 636
(Tex. Crim. App. 2002) (legal sufficiency); King
v. State, 29 S.W.3d 556, 563 (Tex. Crim. App.
2000) (factual sufficiency).

The State=s evidence at trial established
the fact that appellant had operated a vehicle while intoxicated.  Al-Zibdeh testified
he observed, through his rear-view mirror, appellant lose control of his car,
nearly strike Al-Zibdeh=s vehicle, and veer to the
other side and hit the curb, causing minimal damage to appellant=s vehicle.  According to Al-Zibdeh,
appellant then parked near a taco stand outside a convenience store.  Approximately three minutes after he called
the police, Al-Zibdeh Aflagged down@ a police officer and observed
the administration of field sobriety tests to appellant.  Al-Zibdeh perceived
appellant=s strong odor of alcohol, and
observed that appellant had great difficulty maintaining his balance.  Officer Smith confirmed appellant=s strong odor of alcohol and
observed his slurred words, inability to maintain his balance, and his failure
of all field sobriety tests.  Finally,
Officer Martinez testified appellant failed the HGN test as well as a battery
of other field sobriety tests at the intoxilyzer
facility.  This evidence is legally
sufficient to prove that appellant operated a vehicle while intoxicated.








Against this evidence, appellant established that Al-Zibdeh was paid 83 dollars for towing appellant=s vehicle.  Appellant=s wife, Ana Louisa Silva,
testified her husband had not been drinking on the date in question and his
vehicle had sustained no apparent damage. 
Appellant himself largely confirmed the sequence of events through his testimony,
but disputed the timing of events as alleged by the State and asserted he had
not been drinking alcohol that day.  This
evidence is factually sufficient to support appellant=s conviction for operating a
vehicle while intoxicated.  Accordingly,
we overrule appellant=s fifth and sixth issues.

The judgment is affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 12, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 











[1]  We note that
this court may not re-evaluate the weight and credibility given to the evidence
and thereby substitute our judgment for that of the trier
of fact.  See Dewberry v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1131 (2000). 
However, we nevertheless address the sufficiency issues at the level of
generality initially raised by appellant.