NO. 07-03-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 2, 2004

_____

ANTHONY LEON SUMMERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 128TH DISTRICT COURT OF ORANGE COUNTY;

NO. A-010013-R; HONORABLE PATRICK A. CLARK, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Anthony Leon Summers was convicted by a jury of the offense of felony driving while intoxicated and punishment was assessed by the court at twelve years confinement.  He challenges his conviction by two points of error asserting the evidence

is (1) legally insufficient and (2) factually insufficient to show he was intoxicated at the time he operated a motor vehicle. We affirm.

On the morning of April 6, 1999, Robert McNeil, a friend of appellant's, loaned his car to appellant so that he could drive to work. At approximately 8:30 p.m., appellant attempted to pass a car being driven by Debra Gregus while a truck pulling a boat was approaching in the opposite lane. To avoid a major collision Gregus and the driver of the truck swerved onto their respective shoulder roads; the boat, however, fishtailed and was struck by the car appellant was driving. Appellant drove away and pursuant to a request from the driver of the truck, Gregus followed him to get his license plate number. After appellant stopped at a tattoo shop, Gregus recorded his license plate number, pulled up beside his car, and informed him he needed to return to the scene of the accident. Gregus returned to the scene, but appellant did not.

The car driven by appellant had sustained a flat tire and enough damage to make it immobile. While at the tattoo shop he telephoned McNeil to tell him he had been in an accident and ask for a ride. The owner of the tattoo shop offered appellant a ride to McNeil's home where appellant was residing at the time. When McNeil arrived at the tattoo shop approximately 30 to 60 minutes later, appellant had already left with the shop owner.

The Department of Public Safety dispatched a trooper to a hit and run scene at 8:43 p.m. and while en route, he located the abandoned car appellant had been driving still parked at the tattoo shop. He observed fresh damage to the car and upon closer

inspection discovered full and empty beer bottles inside. He interviewed Gregus, who had returned to the tattoo shop, and was told she had seen appellant driving the car while intoxicated. The trooper also interviewed the owner of the tattoo shop who informed him that he had driven appellant to a particular address. McNeil then arrived at the tattoo shop and gave a statement to the trooper in which he stated that appellant had been driving his car. After the interviews the trooper proceeded to the scene to investigate. After securing the scene, he drove to McNeil's residence to interview appellant.

McNeil gave the trooper permission to enter his residence. Upon entry, they discovered appellant on the telephone in an angry and intoxicated condition. He had scratches with fresh blood on his face that had not yet scabbed. The trooper searched garbage cans, the icebox, and other general areas, but found no alcoholic beverages. After the trooper determined appellant was intoxicated, he arrested him.

Appellant challenges the legal and factual sufficiency of the evidence to show he was intoxicated at the time he was driving. We disagree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon 2000); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a

3

legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. As an appellate court, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record demonstrates a different result is appropriate, we must defer to the jury's determination. *Id.* at 8.

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. A person commits the offense of driving while intoxicated if the person is intoxicated while

operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2004).

By his brief, appellant concedes he became intoxicated after the accident occurred. The evidence, however, shows otherwise, and a witness need not be an expert in order to express an opinion on whether a person is intoxicated. Vaughn v. State, 493 S.W.2d 524, 525 (Tex.Cr.App. 1972). Gregus testified that she followed the car driven by appellant to the tattoo shop and, after noting his license plate number, pulled up beside his car and observed that he was intoxicated. She testified he had glassy bloodshot eyes and slurred speech. When questioned why she believed appellant to be intoxicated, she responded, "I've seen quite a few intoxicated people."

The owner of the tattoo shop testified that when he encountered appellant he was intoxicated. Appellant told the shop owner he had been run off the road and needed help getting home which he interpreted to mean that appellant was alone and had been driving the car. He also said appellant was disoriented, had slurred speech, trouble maintaining his balance, and smelled of alcohol. Based on the testimony presented by Gregus and the tattoo shop owner, the evidence is sufficient to show that appellant was operating the car while intoxicated at the time of the accident. Point of error one is overruled.

Concluding that the evidence is legally sufficient to support the conviction, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact

5

finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

The State established that the car appellant was driving contained full and empty beer bottles. Additionally, upon his search of McNeil's residence, the trooper did not find any evidence that appellant had become intoxicated there. Furthermore, McNeil testified that based on the telephone conversation with appellant immediately following the accident, he believed him to be intoxicated. Specifically, he testified:

> A. Oh, yeah, he was intoxicated.
> Q. Why do you say that?
> A. I know Tony.
>
> *   *   *
>
> A. Tony kind of gets a little bit loud and, you know, acts kind of silly; and he's probably like everybody else when they get drunk. You know, you act goofy and, you know –
> Q. Okay.
> A. – that's – I just know he was drinking and I know he was drunk and I – I just know that.

Appellant testified in his own defense and denied driving McNeil's car at the time it was in the accident. He also claimed his intoxicated-like appearance was the result of medications. However, the jury, as the exclusive judge of the facts and credibility of the witnesses, was free to believe or disbelieve the testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon Pamph. Supp. 2004); Adelman v. State, 828 S.W.2d 418,

6

421 (Tex.Cr.App. 1992). After a neutral review of all the evidence, we conclude it is factually sufficient to support appellant's conviction. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.