NO.
12-06-00017-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

WILLIAM
PATRICK DUDLEY,     §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW NO. 3 OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Appellant
William Patrick Dudley was convicted of driving while intoxicated, a class B
misdemeanor.  In two issues, Appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction and the trial court’s admission of certain extraneous offenses.  We affirm.

 

Background

            On October 3, 2005, Appellant was
charged by information for driving while intoxicated in Smith County,
Texas.  Appellant pleaded “not guilty”
and elected to have a jury decide his guilt or innocence.

            At trial, the State first called
April Puckett to testify.  Puckett said
that between midnight and 1:00 in the morning on June 25, 2005, she was driving
westbound on Shiloh Road, turning onto Copeland Road, when she saw a white Ford
work truck weaving and headed toward her. 
She swerved to avoid being hit, but was hit on the driver’s side toward
the rear of her vehicle.  Puckett
immediately turned around to follow the truck. 
Having lost sight of it, she stopped at an apartment complex and called
the City of Tyler Police Department to report the hit and run. 








            Miranda Day testified that she was
driving on Copeland Road on June 25 when she saw “a white early ’90s Ford work
truck . . . just driving crazy.”  She
noticed that the truck had toolboxes on it. 
She said it was going excessively fast and suddenly it “[flew] up onto
the curb and [was] actually driving on the curb.”  Day saw the truck swerve, hit a car, and then
stop at a green light.  When the truck
proceeded, she followed it as it continued to speed and weave in and out of
traffic.  The truck pulled into a
gasoline station at Shiloh Road and almost drove into the front of the
building.  Day watched as Appellant
experienced difficulty getting his truck in “park.”  He then got out of the truck and “stumbled”
into the store.  Day saw him fall over a
newspaper vending machine.             Day called the police department and
stayed on the phone with the dispatcher. 
Appellant stumbled back out of the store with a pack of cigarettes, got
into the truck, and sat there smoking for a few minutes.  Appellant then put on his seat belt and sped
out of the gasoline station.  Day saw
that a police car had arrived and began following Appellant.  She continued to follow Appellant, estimating
that he was driving at least 70 miles per hour, still weaving and driving very
erratically.  After proceeding through an
intersection at Highway 110, the police officer initiated his lights and
Appellant “started running . . . he just took off.”  Appellant was driving toward an 18 wheeler
truck that swerved to the side of the road in an effort to avoid a “head-on”
collision.  Seeing first a cloud of smoke
and dust, Day then saw Appellant’s truck careen off the road.  She stopped at the scene of the accident.  Appellant was wearing work-type clothes and
was very disheveled.  Day identified
Appellant as the same person she saw driving the white Ford truck.

            The State then called Noe Balderas,
an officer with the Tyler Police Department, to testify.  Officer Balderas said that he and Officer
Jason Bean were on patrol together when they heard a dispatch on the police
radio.  A concerned citizen had called
and reported a hit and run and possible DWI suspect that was within several
blocks of their location.  As they approached
a gasoline station on Shiloh Road, Officer Balderas saw a white Ford F150 truck
run over the curb as it left the parking lot and then accelerate at a high rate
of speed.  Because that vehicle matched
the description of the vehicle reported by the concerned citizen, they followed
it, observing that it was weaving in and out of traffic.  Officer Balderas said that as the truck
reached a red light at Shiloh Road and Highway 110, it stopped.  The police car was immediately behind the
suspect.  Officer Balderas explained that
they did not initiate the police lights or siren in case the driver decided to
run the red light and endanger himself and others.  After the light turned green, the truck “took
off at a high rate of speed.”  After
driving through the intersection, they initiated the overhead lights and siren,
but the truck continued to accelerate. 
It began to “fishtail” at the same time that an 18 wheeler truck was
approaching from the opposite direction. 
The 18 wheeler driver tried to steer clear of Appellant by pulling over
to the side of the road.  At the last
moment, Appellant’s truck “fishtailed” in the opposite direction from the
truck, narrowly escaping a “head-on” collision. 
However, Appellant hit the last set of back wheels on the 18 wheeler.  Upon impact with the 18 wheeler, Appellant’s
truck spun across the road and stopped approximately forty yards away.   

            As the officers approached the
vehicle, Officer Balderas smelled gasoline that he surmised was coming from the
gasoline cans in the bed of Appellant’s truck. 
He saw that Appellant’s head was hanging out of the window and that he
was unconscious.  Emergency medical
personnel arrived within minutes, and Appellant regained consciousness.  He was taken by ambulance to the
hospital.  Officer Balderas said that
Appellant had bloodshot eyes, his speech was slurred, and he had a strong smell
of alcohol.  In the emergency room,
Appellant was combative, belligerent, and argumentative, and he had to be restrained
at one time because he was about to hit a nurse.  He refused to give a breath or blood
sample.  Because Appellant was being
treated for possible injuries, they did not arrest him at the time.  Instead, they submitted a report and issued
an arrest warrant at a later date.

            Officer Jason Bean also
testified.  His account of the chase was
essentially the same as Officer Balderas’s account.  Officer Bean said that as he approached
Appellant’s wrecked vehicle, he saw numerous beer cans strewn across the
roadway and inside Appellant’s truck.  He
smelled gasoline as he approached the truck, but when he opened the door to the
truck, the odor of beer was so strong that it overwhelmed the gasoline
smell.  Officer Bean noticed that
Appellant was either passed out or unconscious from the wreck or his
intoxication.  He said that he was unable
to awake Appellant initially upon approaching. 
After the fire department arrived, Officer Bean saw Appellant open his
eyes.  They appeared “bloodshot, watery,
and glassy, consistent with someone who’s intoxicated.”  At the hospital emergency room, Appellant
displayed key indicators of an intoxicated person – slurred speech, belligerent
demeanor, slow reactions, and even drooling at the mouth.

            At the conclusion of the
guilt/innocence phase, the jury found Appellant guilty as charged.  Because Appellant had elected for the court
to assess punishment, the trial court released the jury.  The trial court then sentenced Appellant to
180 days of confinement and assessed a $2,000.00 fine.  This appeal followed.

Extraneous
Offenses

            In his first issue, Appellant
asserts that the trial court erred in allowing witnesses to testify to
extraneous offenses.  Specifically, he
contends that Puckett’s and Officer Bean’s testimonies   concerning the hit and run involving Puckett
should have been struck because there was no positive connection between
Appellant’s truck and the truck that hit her vehicle.  Likewise, Appellant contends that testimony
concerning the wreck with the 18 wheeler truck was inadmissible evidence of an
extraneous offense.  

            We need not address whether the
trial court erroneously allowed evidence of extraneous offenses because in
order to present an issue for appellate review, the record must show that a
complaint was made to the trial court by a timely request, objection, or
motion.  See Tex. R. App. P. 33.1(a)(1).  Appellant did not object to any of the
testimony of which he now complains nor did he request a limiting
instruction.  Further, Appellant did not
object to the charge of the court that omitted language instructing the jury
that they could not consider extraneous bad acts unless they believed beyond a
reasonable doubt that he committed the acts. 
See Ex parte Varelas, 45 S.W.3d 627, 631 (Tex. Crim. App.
2001) (if requested, a jury should be instructed that they are not to consider
extraneous act evidence unless they believe beyond a reasonable doubt that the
defendant committed that act).  Consequently,
we conclude that Appellant failed to preserve this issue for appellate
review.  See Tex. R. App. P. 33.1(a)(1); see also
Manoy v. State, 7 S.W.3d 771, 779 (Tex. App.–Tyler 1999, no pet.)
(failure to make a timely objection waives any error on appeal).  Accordingly, we overrule Appellant’s first
issue.

 

Sufficiency of the
Evidence

            In his second issue, Appellant
challenges the legal and factual sufficiency of the evidence supporting his
conviction.  Specifically, he contends
that the evidence was insufficient to prove that he was intoxicated. 

Standard of
Review – Legal Sufficiency








            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San Antonio
1999, pet. ref’d) (citing Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979)).  In reviewing a legal sufficiency challenge,
the appellate court examines the evidence in the light most favorable to the
judgment to determine whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993) (citing Jackson, 443 U.S. at 319,
99 S. Ct. at 2789).  The conviction will
be sustained “unless it is found to be irrational or unsupported by more than a
‘mere modicum’ of the evidence.”  Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  The jury is the exclusive judge of (1) the
facts, (2) the credibility of the witnesses, and (3) the weight to be given to
the testimony of each witness.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).  Any reconciliation of conflicts and
contradictions in the evidence is entirely within the jury’s domain.  Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986).  The
jury is entitled to draw reasonable inferences from the evidence.  Benavides v. State, 763 S.W.2d
587, 588-89 (Tex. App.–Corpus Christi 1988, pet. ref’d).  A successful legal sufficiency challenge
results in the rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

Applicable Law
and Discussion








            A person commits an offense if the
person is intoxicated while operating a motor vehicle in a public place.  Tex.
Pen. Code Ann. § 49.04 (Vernon 2003). 
“Intoxicated” is defined as (A) not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or (B) having an alcohol
concentration of 0.08 or more. Tex. Pen.
Code Ann. § 49.01(2)(A), (B) (Vernon 2003). 

            Day testified that Appellant hit a
vehicle with his truck and kept driving. 
She saw Appellant almost run his vehicle into a store, stagger inside
the store, and fall over a newspaper stand. 
She also saw Appellant leave the parking lot, drive over a curb, weave
in and out of traffic, and hit an 18 wheeler before wrecking.  Day believed Appellant to be intoxicated.  “It is elementary in Texas that one need
not be an expert in order to express an opinion upon whether a person he
observes is intoxicated.”  Vaughn
v. State, 493 S.W.2d 524, 525 (Tex. Crim. App. 1972).            








            Officers Balderas and Bean observed
Appellant’s reckless driving and ensuing wreck with the 18 wheeler.  They both smelled a strong odor of alcohol on
Appellant and observed slurred speech, glassy eyes, and belligerent
behavior.  Numerous beer cans were found
in Appellant’s vehicle.  The officers
believed Appellant to be intoxicated.  
Lay opinion testimony by police officers that a person is intoxicated is
probative evidence that a person was intoxicated.  See Henderson v. State,
29 S.W.3d 616, 622 (Tex. App.–Houston [1st Dist.] 2000, pet. ref’d).   

            Viewing all of the evidence in the
light most favorable to the jury’s verdict, we conclude that the jury could
have reasonably determined beyond a reasonable doubt that Appellant did not
have the normal use of his mental or physical faculties by reason of the
introduction of alcohol.   Therefore, we
hold that the evidence was legally sufficient to support the jury’s
verdict.  

Standard of
Review – Factual Sufficiency

            Turning to Appellant’s contention
that the evidence is not factually sufficient to support the jury’s verdict, we
must first assume that the evidence is legally sufficient under the Jackson[1]
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it to the
evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997).  Although we are
authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, see Clewis, 922 S.W.2d
at 133, our evaluation should not substantially intrude upon the jury’s role as
the sole judge of the weight and credibility of witness testimony.  Santellan, 939 S.W.2d at
164.  Where there is conflicting
evidence, the jury’s verdict on such matters is generally regarded as
conclusive.  See Van Zandt v. State,
932 S.W.2d 88, 96 (Tex. App.– El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).[2]  

            A verdict will be set aside “only if
the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002); see Sims v.
State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003).  A clearly wrong and manifestly unjust verdict
occurs where the jury's finding “shocks the conscience” or “clearly
demonstrates bias.” Zuniga, 144 S.W.3d at 481.  As the court of criminal appeals explained in
Zuniga, “There is only one question to be answered in a
factual sufficiency review:  Considering
all of the evidence in a neutral light, was a jury rationally justified in its
finding of guilt beyond a reasonable doubt?” 
See id. at 484. 
           

Discussion

            In addition to the evidence already
discussed, the record reflects that some facts do not affirmatively show that
Appellant no longer had the normal use of his mental or physical faculties by
reason of the introduction of alcohol. 
The record shows that Appellant was involved in an accident that could
have caused some of the behavior and characteristics he exhibited at the scene
of the wreck and the hospital. 
Additionally, because of his injuries, it was not possible to perform
the standardized field sobriety tests on Appellant at the scene of the
wreck.  Further, because Appellant
refused a breath or blood test, no scientific evidence was obtained to show
that he was intoxicated.                 

            We have reviewed the record in its
entirety.  In our evaluation, we should
not substantially intrude upon the jury’s role as the sole judge of the weight
and credibility of witness testimony.  See Santellan, 939 S.W.2d at
164; see also Page v. State, 7 S.W.3d 202, 209 (Tex. App.–Fort
Worth 1999, pet. ref’d) (stating that because there was no scientific evidence
in the DWI case against the appellant, it was entirely a question of
credibility for the fact finder).  Further,
where there is conflicting evidence, the jury’s verdict on such matters is
generally regarded as conclusive.  See
Van Zandt, 932 S.W.2d at 96. 
The jury accepted the State’s version of the facts and found against
Appellant.  Our review of the record as a
whole, with consideration given to all of the evidence, both for and against
the jury’s finding, has not revealed to us any evidence causing us to conclude
that the proof of guilt is so obviously weak or is otherwise so greatly
outweighed by contrary proof as to render Appellant’s conviction clearly wrong
or manifestly unjust.  Therefore, we hold
that the evidence is factually sufficient to support the jury’s verdict.  We overrule Appellant’s second issue.

 

Disposition

            Having overruled both of Appellant’s
issues, we affirm the judgment of the trial court.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered September 6, 2006.

Panel
consisted of Worthen, C.J., Griffith, J. and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT
PUBLISH)

 

 

 

 

 











[1] Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. 





[2] However, “contrary
evidence does not have to outweigh evidence of guilt; it has to be only enough
to provide reasonable doubt.”  Zuniga
v. State, 144 S.W.3d 477, 483 (Tex. Crim. App. 2004).