**Affirmed and Memorandum Opinion filed January 5, 2012.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-10-01036-CR
_____

**STEPHEN KYLE HELMCAMP, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court
Colorado County, Texas
Trial Court Cause No. 21,179**

## MEMORANDUM OPINION

In this appeal of his conviction for driving while intoxicated, Stephen Kyle Helmcamp argues that he received ineffective assistance of counsel because his trial attorney failed to request a hearing on the admissibility of expert testimony and to object when that testimony allegedly exceeded the scope of the witness's expertise.   We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning of November 15, 2008, Trooper Wesley Clark of the Texas Department of Public Safety stopped appellant for speeding. Clark noticed that appellant's car and breath smelled of alcohol, his eyes were bloodshot, and his speech was "thick-tongued." Clark asked appellant if he had been drinking that night, and appellant responded that he had drunk two beers. Clark walked around to the passenger-side door and found an open beer bottle, with some cold beer still inside. After performing a "cursory check" for horizontal gaze nystagmus ("HGN"), which indicates intoxication, Clark decided to administer a more complete HGN test. On two separate administrations of the full HGN test, appellant showed all six possible clues for intoxication. Clark also administered the "walk-and-turn" and the "one-leg-stand" tests for sobriety, both of which appellant failed. Clark asked appellant to submit to a portable breath test, but appellant stated, "I know I'll fail it. I don't want to ruin my life." Clark arrested appellant for driving while intoxicated because "[a]t that point in time loss of mental and physical faculties was guaranteed . . ." At the jail, Clark administered an Intoxilyzer test that showed appellant's blood-alcohol concentration was more than double the legal limit.

Before trial, appellant moved to suppress the results of the field-sobriety and Intoxilyzer tests. At the suppression hearing, Clark testified to his qualifications and training. In addition to his police training and certification in administering field-sobriety tests, Clark has a doctorate in chiropractic medicine; has received training in administering ophthalmic exams similar to that received by medical doctors; and has experience administering ophthalmic exams as a chiropractor. The trial court denied appellant's motion to suppress, and the State later designated Clark as an expert witness for trial.

At trial, Clark again testified about his qualifications and stated that, though performing the "cursory check" for HGN was not part of his training as a peace officer,

> I utilize it in the sense that, one, it tells me if what the individual just got
> through telling me, which is two beers, is accurate or not. I can also at that

2

point in time tell, based on my previous education I guess you would say, whether the individual has got a false eye or has some problem that would preclude me from giving any further testing on him . . . plus it gives me—if I am looking for HGN, it gives me an automatic indication that, yeah, I need to take this a little further.

However, Clark testified that the second time and third time that he checked for HGN, he followed the full protocol for the test that is part of his certification in administering field-sobriety tests. Clark also testified that he administered the walk-and-turn test and the one-leg stand. Appellant's trial counsel did not object to any of Clark's statements or request a hearing on the admissibility of Clark's expert testimony. In addition to Clark's testimony, Lee Anne Spino, the "Breath Test Technical Supervisor" for the Department of Public Safety, testified that Clark properly performed the Intoxilyzer test and that it showed appellant's blood-alcohol level was more than twice the legal limit.

The jury convicted appellant of the charged offense, and the trial court sentenced appellant to 180 days of community supervision and fined him $500 plus $394 in court costs. Appellant filed a motion for new trial, but he did not allege ineffective assistance of counsel in that motion and no hearing was held on the issue. The motion for new trial was overruled by operation of law, and this appeal ensued. In the sole issue presented for our review, appellant argues that his trial counsel was ineffective under the United States Constitution because he failed to request a hearing on the admissibility of Clark's expert testimony and to object when Clark's testimony allegedly exceeded the scope of his expertise.

## II. STANDARD OF REVIEW

We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, an appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived appellant of a fair trial. 466

U.S. at 687, 104 S. Ct. at 2064. To establish the first prong, an appellant must show that counsel's performance fell below an objective standard of reasonableness. 466 U.S. at 688, 104 S. Ct. at 2064. Regarding the second prong, an appellant must demonstrate that counsel's deficient performance prejudiced his defense. 466 U.S. at 692, 104 S. Ct. at 2067. To demonstrate prejudice, an appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694. 104 S. Ct. at 2068. *See also Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (explaining that "reasonable probability" as used in the prejudice prong is "probability sufficient to undermine confidence in the outcome" of the proceeding) (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. 466 U.S. at 697, 104 S. Ct. at 2069.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v, State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of a claim of ineffective assistance of counsel. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is undeveloped. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's

4

performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994).

Finally, "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

## III. ANALYSIS

Appellant complains about two alleged errors of his trial counsel: first, that his counsel should have requested a hearing outside the presence of the jury to compel the State to establish that Clark's expert testimony was admissible[1]; and second, that his counsel should have objected to Clark's testimony that Clark's experience and training in administering ophthalmic exams helped Clark administer a "cursory check" for HGN, because that testimony "grossly exceeded the scope of Clark's knowledge, training, and experience." According to appellant, no defense strategy could possibly have justified these omissions.

Because appellant did not move for a new trial based on the alleged ineffective assistance of his defense counsel, the record is silent as to trial counsel's strategy. *See*

---

[1] *See* TEX. R. EVID. 702 (setting forth conditions for the admission of expert testimony); *Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006) (a party seeking to admit expert testimony under Rule 702 must show that the witness qualifies as an expert by reason of his knowledge, training, or education; that the subject matter of the testimony is appropriate for expert testimony; and that admitting the expert testimony will assist the fact finder in deciding the case); *Jackson*, 17 S.W.3d at 670 (a party opposing expert testimony is entitled to a hearing outside the presence of the jury to determine whether the proponent of the testimony can satisfy Rule 702's requirements for admission).

*Downs v. State*, 244 S.W.3d 511, 515 (Tex. App.—San Antonio 2007, pet. ref'd) (where counsel did not request hearing on expert witness's qualifications, but appellant did not move for a new trial based on ineffective assistance of counsel, record was insufficiently developed to permit review of trial counsel's strategy). Where, as here, the record is silent as to defense counsel's trial strategy, we will not speculate on the counsel's motivation. *See Jackson*, 877 S.W.2d at 771; *Downs*, 244 S.W.3d at 515. Counsel did request and obtain a pretrial hearing on his Motion to Suppress, and Clark testified to his qualifications and expertise at that time. Counsel had enough information to object to the qualifications of Clark without another hearing. And while the "cursory check" may have been based on Clark's chiropractic expertise, the full check for HGN was done in accordance with his training and certification in field-sobriety testing.

Moreover, appellant has not demonstrated a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. The non-medical evidence of appellant's intoxication was overwhelming. Clark was not relying on his medical training when he testified that he smelled alcohol on appellant's breath and emanating from appellant's car, that appellant was driving with an open bottle of beer that was still cold, or that appellant's eyes were bloodshot and his speech "thick-tongued." *See Vaughn v. State*, 493 S.W.2d 524, 525–26 (Tex. Crim. App. 1972) (upholding DWI conviction where officer testified that he saw appellant's car weaving down the road, that appellant was speeding, that appellant's eyes were bloodshot, and that appellant told officer he had drunk several beers); *Silva v. State*, No. 14-03-00403-CR, 2004 WL 253548, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2004, pet. ref'd) (mem. op.) (holding that lay witness was qualified to express opinion that appellant was intoxicated when witness testified that appellant smelled strongly of alcohol, that appellant was unable to maintain his balance, and that witness observed appellant could not perform field-sobriety tests administered by officer). Nor was Clark relying on special qualifications, other than his uncontested qualifications as a trained peace officer and certified administrator of field-sobriety tests, when he testified that appellant failed the

"walk-and-turn" and the "one-leg-stand" tests for sobriety. *See Plouff v. State*, 192 S.W.3d 213, 223 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (officer was qualified to testify as lay witness that appellant failed one-leg-stand and walk-and-turn tests because these tests are "grounded in the common knowledge that excessive alcohol consumption can cause problems with coordination, balance, and mental agility."). Even with respect to the HGN exam itself, Clark testified only that his medical training helped him decide after a "cursory check" that further testing was needed. Regardless of Clark's special training and experience in administering ophthalmic exams, his qualifications as a peace officer and his certification to administer HGN tests qualified him to testify concerning appellant's performance on the test itself. *See Emerson v. State*, 880 S.W.2d 759, 763 (Tex. Crim. App. 1994) (a peace officer who has received practitioner certification to administer test for HGN is qualified to testify about a defendant's performance on the test). Finally, Spino, whose expertise as a Breath Test Technical Supervisor is uncontested, independently testified that the Intoxilyzer test was properly performed and showed that appellant's blood alcohol level was more than twice the legal limit.

Because appellant has not demonstrated a reasonable probability that the outcome of the proceedings would have been different absent counsel's alleged errors, we overrule his sole issue on appeal.

### IV.  CONCLUSION

We affirm the trial court's judgment.

/s/      Tracy Christopher
Justice

Panel consists of Chief Justice Hedges and Justices McCally and Christopher.
Do Not Publish — TEX. R. APP. P. 47.2(b).